1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   LIEN NGOC DO,

11                          Petitioner,

12          v.

13   BRUCE SCOTT, *et al.*,

14                          Respondents.

CASE NO. 2:25-cv-02187-RSL-GJL

ORDER GRANTING STIPULATED
MOTION REGARDING THIRD
COUNTRY REMOVAL AND
FACILITY TRANSFER

15          Petitioner Lien Ngoc Do, proceeding with counsel, initiated this action by filing a 28

16   U.S.C. § 2241 immigration habeas Petition. Dkt. 1. On November 11, 2025, the parties submitted

17   a Stipulated Motion Regarding Third Country Removal and Facility Transfer. Dkt. 7. In their

18   Motion, the parties jointly requested an expedited briefing schedule on the Petition and indicated

19   U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations

20   ("ERO") has agreed not to remove Petitioner to any other country than Vietnam or transfer her to

21   another immigration facility while this litigation is pending. *Id.*

22          Courts have discretion in setting the briefing schedule for a § 2241 habeas petition and

23   consider the individual circumstances of each case when determining appropriate deadlines. *See*

24

ORDER GRANTING STIPULATED MOTION
REGARDING THIRD COUNTRY REMOVAL
AND FACILITY TRANSFER- 1

*Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985). After reviewing the parties'

Stipulation Regarding Third Country Removal and Facility Transfer, the briefing schedule

provided in 28 U.S.C. § 2243, and conducting a preliminary review of the habeas Petition (Dkt.

1), the Court **ORDERS** as follows:

 1) The expedited briefing schedule agreed upon by the parties is **GRANTED** as set

forth below.

 2) Respondents shall file a return to the Petition (Dkt. 1) no later than **November 19,**

**2025**. Any reply is due by **November 21, 2025**. The Clerk shall note the matter as ready for the

Court's consideration on **November 21, 2025**.

 3) To preserve the opportunity to determine whether the court has subject matter

jurisdiction and, if so, to consider whether habeas relief is warranted, a court may issue an order

to maintain the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293

(1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . .

determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is

frivolous.). This is particularly so when the order is necessary to prevent action that would

otherwise destroy the court's jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563,

573 (1906). Accordingly, to allow Petitioner time to move for emergency relief in the event she

is to be transferred or removed before this Court reviews her Petition, the Court **ORDERS** that

Respondents must provide Petitioner and Petitioner's counsel in this habeas action at least 48

hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to

move or transfer her from the Northwest Immigration and Customs Enforcement Processing

Center or to remove her from the United States.

ORDER GRANTING STIPULATED MOTION
REGARDING THIRD COUNTRY REMOVAL
AND FACILITY TRANSFER- 2

4) The parties have a right to consent to the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent by no later than **November 19, 2025**, by emailing Deputy Kelly Miller at kelly_miller@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If the parties decline consent, the case will remain assigned to District Judge Lasnik.

5) The Clerk is directed to send copies of this Order to the parties and to the Honorable Robert S. Lasnik.

Dated this 10th day of November, 2025.


Grady J. Leupold
United States Magistrate Judge