UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIEN NGOC DO,<br><br>        Petitioner,<br><br>     v.<br><br>BRUCE SCOTT *et al.*,<br><br>        Respondents. | Case No. C25-2187RSL<br><br>TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on petitioner's motion for temporary restraining order (Dkt. # 18). Having considered the motion, the related declarations (Dkts. # 19, 20), and the record herein, the Court GRANTS petitioner's motion for temporary restraining order.

**I.    Background**

Petitioner Lien Ngoc Do is a native and citizen of Vietnam. Dkt. # 14, ¶ 3. She was admitted to the United States as a lawful permanent resident on April 2, 1991. *Id*. at ¶ 4. Petitioner is subject to a removal order that, according to respondents, became administratively final on September 22, 1999. *Id*. at ¶ 10. On March 15, 2000, petitioner was released on an order of supervision pending her removal to Vietnam. *Id*. at ¶ 11. Petitioner's release on supervision

TEMPORARY RESTRAINING ORDER - 1

occurred "because there was not a significant likelihood of removal" to Vietnam. Dkt. # 13 at 6:4–5.

Respondents state that prior to her March 2000 release on supervision, petitioner had been detained after an administratively final removal order for "approximately five and a half months." *Id*. at 6:6–7. Petitioner calculates the time differently, stating that she had been detained after a final order of removal for "nine months and twenty-seven days." Dkt. # 16 at 5:7–17. More than 25 years later, on August 21, 2025, when petitioner went to report to ICE "as I did every year," she was taken into custody by the Government and "processed pending her removal to Vietnam." Dkts. # 12 at ¶ 18, # 14 at ¶ 12. As of the date of this order, petitioner's current detention has lasted for more than three months. Dkt. # 14 at ¶ 12. She is presently detained at the Northwest ICE Processing Center, "less than two miles away from her family's home, but an entire world apart." Dkt. # 18 at 2:13–14.

Petitioner states that she does not possess a Vietnamese passport or a birth certificate. Dkt. # 16 at 6. Respondents state that they are presently "working to effectuate Petitioner's removal to Vietnam" Dkt. # 13 at 2:5. Specifically, respondents state that they are "actively working to obtain a travel document to remove her to Vietnam" and have completed certain travel documents but have not yet submitted those documents to "government contacts in Vietnam." *Id.* at 8:13–18.

Petitioner's eldest child is a lawful permanent resident. Dkt. # 12 at ¶ 7. Her two younger children are U.S. citizens. *Id*. On November 29, 2025, petitioner's youngest son, also a U.S. citizen, died of suicide. *Id.*, Dkt. # 18-1 at 2. Counsel for petitioner states that petitioner's family

believes the viewing and funeral will occur on Friday, Dec. 5, 2025, and Saturday, Dec. 6, 2025. *Id*.

## II.     Discussion

A temporary restraining order ("TRO") is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A motion for TRO may be granted only if the moving party establishes "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "All four elements must be satisfied." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022). The factors are evaluated on a "sliding scale," however, meaning that "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit has repeatedly held that "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *hiQ Labs*, 31 F.4th 1180 at 1188 (9th Cir. 2022) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135 (9th Cir. 2011)).

The present motion for TRO is filed under Fed. R. Civ. P. 65(b). Dkt. # 18-1 at 3:5. Under that Rule, this Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if an affidavit or verified complaint shows that "immediate and irreparable injury" will result before the adverse party can be heard in opposition and "the movant's attorney certifies in writing any efforts made to give notice and

TEMPORARY RESTRAINING ORDER - 3

the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, counsel for petitioner has certified that on December 2, 2025, immediately after filing this motion for TRO, she gave notice to Alixandria K. Morris at the U.S. Attorney's Office for the Western District of Washington by email that the TRO was being filed. Dkt. #18 at 2. In that email, counsel for petitioner also provided copies of the motion for TRO, supporting exhibits, and a proposed order. *Id*. The Court finds that in so doing petitioner's counsel has satisfied the requirements of Fed. R. Civ. P. 65(b)(1)(B). As discussed below, the Court also finds that petitioner has satisfied the requirements of Fed. R. Civ. P. 65(b)(1)(A), making it proper to issue this TRO without briefing from respondents.

### A. Likelihood of Success on the Merits

Petitioner contends her cumulative detention post-removal order, which petitioner calculates at "approximately one year and one month," has become "unconstitutionally indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001)." Dkts. # 16 at 5:4, # 18-1 at 3:23–24. Respondents, while not conceding that petitioner's detention should be calculated "in the aggregate," have calculated petitioner's aggregate detention at "eight and a half months following her removal order becoming administratively final in September 1999." Dkt. # 13 at 8:4–7.

In *Nguyen v. Scott*, No. 2:25-CV-01398-TMC, 2025 WL 2419288, at *1 – 4 (W.D. Wash. Aug. 21, 2025), the court, citing rulings from district courts in California and Louisiana, found that where a petitioner has been detained and released by ICE multiple times after a final order of removal, "the clock" on *Zadvydas*'s six-month period of presumptive reasonability does not

TEMPORARY RESTRAINING ORDER - 4

re-start with each successive detention. This Court agrees with and adopts that finding. *See also Abubaka v. Bondi*, No. C25-1889RSL, 2025 WL 3204369, at *3 (W.D. Wash. Nov. 17, 2025). In other words, this Court finds that here, petitioner's time in post-removal detention should be calculated "in the aggregate," as respondents put it, or "cumulatively," as petitioner puts it, combing both the period of detention that began more than 25 years ago and the period of detention that began in August of this year. Further, this Court finds that it need not resolve on this motion for TRO whether to accept petitioner's or respondents' calculation of the combined total duration of petitioner's post-removal detentions, because under either calculation petitioner's total time in detention is longer than the six-month period of "presumptively reasonable" detention established under *Zadvydas*, 533 U.S. 678 at 682, 701 (2001).

Petitioner's argument that her removal to Vietnam is not likely "in the reasonably foreseeable future" (Dkt. # 16 at 5–7) is similar and equally persuasive to the argument that was made by another pre-1995 Vietnamese immigrant and accepted by this Court in *Abubaka*, No. C25-1889RSL, 2025 WL 3204369, at *3–5 (W.D. Wash. Nov. 17, 2025). *See also Tran v. Bondi*, No. C25-01897-JLR, 2025 WL 3140462, at *3 (W.D. Wash. Nov. 10, 2025) ("ICE is not permitted to hold [petitioner] indefinitely while it waits for travel documents from Vietnam."). The alleged facts supporting respondents' contrary expectation that petitioner here will be removed to Vietnam "in the reasonably foreseeable future" (Dkt. # 13 at 9:2) are somewhat different than those presented in *Abubaka*, but they ultimately are no more persuasive than the alleged facts presented in *Abubaka*. For example, here, as in *Abubaka*, "the record before this Court only shows the Government making preparations to submit a travel document request to

TEMPORARY RESTRAINING ORDER - 5

the Government of Vietnam," it does not show that a completed travel document request has been submitted. *Id*. Dkt. # 13 at 2:5, 8:13–18. Therefore, this Court finds petitioner is likely to succeed on the merits of her claim that her detention has become unconstitutionally indefinite under *Zadvydas*, 533 U.S. 678 (2001).

### B. Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "When the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948.1 (2d ed. 2004)). Thus, petitioner here has shown irreparable harm, including "immediate and irreparable injury" sufficient to satisfy Fed. R. Civ. P. 65(B)(1)(A). That "immediate and irreparable injury" is not only the deprivation of constitutional rights that occurs when a non-citizen is detained in violation of *Zadvydas*, 533 U.S. 678 (2001). Here, the "immediate and irreparable injury" is also that, absent a TRO, petitioner "will not be able to attend her son's funeral" and "grieve with her family and loved ones." Dkt. # 18-1 at 5.

### C. Balance of Equities and Public Interest

The final *Winter* factors, the balance of equities and the public interest, merge when the Government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). As relevant here:

TEMPORARY RESTRAINING ORDER - 6

> While there is [a public] interest in execution of final removal orders, "our system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Nguyen*, 2025 WL 2419288, at *28 (quoting *Ala. Ass'n of Realtors v. Dep't of Health and Human Servs.*, 594 U.S. 758, 766 (2021)).

*Phaymany v. Northwest Immigration and Customs Enforcement Processing Center*, 2:25-cv-00854-RAJ-MLP (W.D. Wash. Sept. 25, 2025). Thus, the final two *Winter* factors weigh in favor of petitioner, with the balance of equities tipping sharply in her favor.

### III.   Conclusion

For all the foregoing reasons, the Court finds that the issuance of this TRO without briefing from the adverse party is proper under Fed. R. Civ. P. 65(b)(1). Petitioner's motion for temporary restraining order (Dkt. # 18) is GRANTED as follows:

(1) The Court ORDERS that respondents shall immediately release petitioner from custody under the same conditions of her prior Order of Supervision; and

(2) The Court ORDERS that respondents may not re-detain petitioner unless:

   a. She violates a condition of her Order of Supervision; or

   b. The government (1) obtains a valid travel document to Vietnam for her, (2) provides the valid travel document to her and her counsel, (3) offers petitioner the opportunity to leave on her own within the period of time covered by this TRO, and (4) petitioner does not leave. Under such circumstances, the government may be permitted to re-detain Petitioner provided it has already made concrete arrangements for her to be put on a flight to Vietnam in the reasonably foreseeable future.

TEMPORARY RESTRAINING ORDER - 7

(3) This TRO is effective until fourteen (14) days from the date of its entry.

Petitioner is directed to file a brief on any requested preliminary injunction by Monday, December 8, 2025, at noon. Assuming a motion for preliminary injunction is filed, the Court will then set the remainder of the preliminary injunction briefing schedule and a hearing date.

IT IS SO ORDERED.

DATED this 3rd day of December, 2025 at 3:21 p.m.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

TEMPORARY RESTRAINING ORDER - 8